IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILLIP M. BRANCH, SR.,

    Plaintiff,

      v.

SHIRLEY FRANKLIN, Mayor of
Atlanta, individually and in her official
capacity, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-1853-TWT

## ORDER

This is a constitutional challenge to a City of Atlanta municipal ordinance. It

is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 31] and the

Defendant's Motion for Summary Judgment [Doc. 32]. For the reasons set forth

below, the Plaintiff's motion is DENIED and the Defendant's motion is GRANTED.

## I. BACKGROUND

The Plaintiff, Phillip M. Branch, Sr., is a taxicab driver holding a permit issued

by the City of Atlanta. On June 23, 2006, he was cited for a violation of Atlanta City

Code § 162-78(a)(2). This ordinance states that:

> In order to maintain a permit to drive a vehicle for hire, a driver
> must...Wear proper dress while providing or offering to provide "vehicle
> for hire services." As used herein, the term "proper dress" shall mean

T:\ORDERS\06\Branch\msjtwt.wpd

the following: Shoes which cover the foot (no sandals); <u>pants to ankle length or a skirt or dress not shorter than knee length</u>; pants shall not be noticeably torn; shirts or blouses must have sleeves, and a collar; the term "shirts or blouses" does not include tee shirts; shirts are required to be tucked in; clothing shall not be visibly soiled.

Atlanta City Code § 162-78 (emphasis added).  The Plaintiff does not contest that he was wearing short pants at the time that the citation was issued.  On July 6, 2006, following his citation, the Plaintiff went before a hearing panel.  This panel, which included Defendant Timothy J. Santelli, determined that the Plaintiff had violated the dress code ordinance and recommended that he be fined $25.00.  Atlanta Police Chief Richard J. Pennington followed this recommendation.

The Plaintiff filed this action on August 8, 2006, against Defendants Santelli, Pennington, City of Atlanta Mayor Shirley Franklin, and Director of Bureau of Taxicabs and Vehicles for Hire, Malachi S. Hull.  He challenges the validity of the ordinance's dress code and the procedure by which he was found guilty for violating it.  The Court previously dismissed all of his claims except his Due Process and Equal Protection allegations against Franklin in her official capacity as mayor of Atlanta.  She now moves for summary judgment on these remaining claims.

## II. <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists

Case 1:06-cv-01853-TWT   Document 39   Filed 07/11/07   Page 3 of 5
and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light

most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59

(1970).  The party seeking summary judgment must first identify grounds that show

the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S.

317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond

the pleadings and present affirmative evidence to show that a genuine issue of material

fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III. DISCUSSION

The Court determined in its previous order that the City's ordinance is subject

to only rational basis scrutiny under the Due Process and Equal Protection Clauses of

the Fourteenth Amendment.  In a rational basis review, the legislative enactment

carries a "strong presumption of validity." Bah v. City of Atlanta, 103 F.3d 964, 967

(11th Cir. 1997) (quoting F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 314 (1993).

Indeed, review of such enactments must be "a paradigm of judicial restraint." Id. The

burden is on the plaintiff "attacking the legislative arrangement to negative every

conceivable basis which might support it, whether or not the basis has a foundation

in the record." Lofton v. Secretary of Dept. of Children and Family Servs., 358 F.3d

804, 818 (11th Cir. 2004) (quoting Heller v. Doe, 509 U.S. 312,  320-21(1993)).  The

T:\ORDERS\06\Branch\msjtwt.wpd                        -3-

legislature is not required to articulate its reasons for enacting a statute and "it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature."  Bah, 103 F.3d at 967 (quoting Beach Commc'ns, Inc., 508 U.S. at 315).

The City's regulation clearly meets the rational basis standard.  The ordinance states that this dress code "is intended to further provide for the general welfare and safety of the citizens of the City of Atlanta by creating a uniform appearance for taxicab drivers."  (Def.'s Mot. for Summ. J., Ex. F.)  Although the Plaintiff argues that no rational relationship exists between short pants and safety concerns, the Eleventh Circuit has already decided this issue in a case with facts nearly identical to those here.  In Bah, the court found that this exact ordinance did not violate the Equal Protection Clause because the dress code was rationally related to the legitimate government interest of promoting a safe image.  Id. at 967.  The Bah court specifically stated that:

> Drivers of vehicle for hire, particularly taxi cab drivers, are often among the first people that out-of-town visitors encounter. Such visitors often find themselves getting into a vehicle for hire driven by a total stranger, sometimes at night and sometimes while they are alone. It is in the City's interest to promote a safe appearance and image, and a rational way to do that is by prescribing that its self-styled "ambassadors" wear innocuous, conventional, relatively uniform clothing.

Id.  This Court similarly finds that the City's interest in its taxicab drivers' safe image and appearance to visitors, even if not expressed in the statute or intended by its creators, provides a rational basis for the law.  Accordingly, summary judgment for the Defendant is warranted.[1]

## IV. CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment [Doc. 31] is DENIED and the Defendant's Motion for Summary Judgment [Doc. 32] is GRANTED.

SO ORDERED, this 9 day of July, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[1]The Plaintiff also claims that his allegations related to the administrative hearing were not dismissed because the Court stated only that his Sixth Amendment claim "should be dismissed," and that his Due Process claim was "without merit" and dismissal was "appropriate."  (Pl.'s Mot. for Summ. J., at 6.)  The Plaintiff thus construes these statements not to constitute actual dismissals.  The Plaintiff is incorrect.  These claims were previously dismissed and shall not be considered as part of this summary judgment motion.